# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| SARA HELLWEGE,<br><br>                        Plaintiff,<br><br>  v.<br><br>TAMPA FAMILY HEALTH CENTERS; and CHAD L. LINDSEY, in his individual and official capacities as Director of Human Resources at Tampa Family Health Centers,<br><br>                        Defendants. | **Case No.** _____<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff Sara Hellwege, by her attorneys, states as follows:

## NATURE OF THE CASE

1. This action seeks injunctive and declaratory relief on behalf of Plaintiff Sara Hellwege, who was told she could not apply for the positions of certified nurse-midwife by Tampa Family Health Centers (hereinafter "TFHC") explicitly based on her religious beliefs and moral convictions in opposition to prescribing certain drugs that she believes can cause the death of a human embryo, in violation of federal law prohibiting such discrimination.

2. TFHC's refusal to consider Ms. Hellwege for employment as a certified nurse-midwife due to her religious beliefs and moral convictions is a blatant violation of federal and state law, which prohibit TFHC from penalizing applicants because they object to providing abortifacient contraceptives. *See, e.g.,* 42 U.S.C. § 300a-7(d); Florida Statutes Annotated §§ 381.0051(5) & 390.011(8).

3. Plaintiff therefore respectfully requests that this Court vindicate her rights through declaratory and injunctive relief and an award of compensatory damages. Plaintiffs also seek statutorily authorized attorneys fees and costs, and other relief deemed appropriate by the Court.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court in invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1367 & 1343, and 42 U.S.C. § 300a-7(c) & (d).

5. The Court has jurisdiction to declare the rights and legal relations of the parties and to order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court is authorized to issue injunctive relief pursuant to Fed. R. Civ. P. 65, and to award relief under 42 U.S.C. § 300a-7(c) & (d), including but not limited to damages and attorneys fees. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 & 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Defendants, and their actions alleged in this complaint, are present in the Middle District of Florida. The events giving rise to Plaintiff's claim occurred in this District.

## IDENTIFICATION OF PARTIES AND JURISDICTION

7. Plaintiff Sara Hellwege is a natural person who at all times relevant to this action has resided in Atlanta, Georgia, and applied for the position of certified nurse-midwife at TFHC.

8. Defendant Tampa Family Health Centers was at all times relevant to this action and still is a non-profit corporation organized under the laws of the State of Florida. TFHC is the location of all of the incidents alleged in this complaint and operates the clinics to which Plaintiff applied for the positions of certified nurse-midwife. TFHC's main office is located at 9827 N. Sheldon Road, Tampa, FL 33635.  It has thirteen locations, all in Florida in the Tampa area.

2

9. Defendant Chad L. Lindsey is the Director of Human Resources at TFHC. He is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

10. Plaintiff Sara Hellwege is graduating from Frontier Nursing University in June 2014.

11. Ms. Hellwege will be taking her board examinations to become a licensed advanced practice nurse in the State of Florida in July 2014.

12. Ms. Hellwege is devoted to her career within the profession of nursing.

13. Ms. Hellwege is a Christian. As part of these beliefs, she believes in the inherent dignity of all human life from the point of conception/fertilization.

14. Consistent with these strongly-held religious beliefs and moral convictions, Ms. Hellwege possesses beliefs against prescribing hormonal contraceptives in certain circumstances, which she believes have the potential to act in a manner potentially threatening the lives of embryos after their conception/fertilization.

15. As part of an exercise of these religious beliefs and moral convictions, Ms. Hellwege is a member of American Association of Pro-Life Obstetricians and Gynecologists (AAPLOG), which shares her beliefs about the sanctity of human life from conception/fertilization.

16. TFHC is a federally qualified health center, including under Section 330 of the Public Health Service Act.

17. Upon information and belief TFHC receives a large amount of funding from the U.S. Department of Health and Human Services and the Public Health Service Act.

18. TFHC receives part of its funding from Title X of the Public Health Service Act, a program funding family planning including contraceptives and items that Ms. Hellwege believes can potentially threaten the lives of embryos after their fertilization/conception.

19. In April and other dates of 2014, TFHC advertised at least four open positions for certified nurse-midwife at its various clinics in the Tampa area.

20. The U.S. Department of Health and Human Services' Health Resources and Services Administration likewise advertised these TFHC positions on the HRSA's website, where Ms. Hellwege saw them. See, for example, Exhibit 1, HRSA website advertisement.

21. Ms. Hellwege was eligible to apply to these positions given her pending graduation, examination and certification process.

22. On April 28, 2014, Ms. Hellwege contacted Defendant Chad L. Lindsey of TFHC's human resources department, via the e-mail listed for him on the HHS advertisements for the open certified nurse midwife positions. This email and the subsequent emails discussed herein are attached as Exhibit 2 of this complaint.

23. Ms. Hellwege inquired whether the certified nurse-midwife positions were still open as advertised, and attached her resume for review.

24. Mr. Lindsey responded asking Ms. Hellwege about her specific qualifications. Ms. Hellwege promptly responded answering his questions.

25. On May 5, 2014., Mr. Lindsey sent Ms. Hellwege e-mail stating that Ms. Hellwege's resume had been submitted. He further informed Ms. Hellwege that TFHC "is a Title X organization and I see that you part [sic] of the American Association of Pro-Life Obstetricians and Gynecologists Society. Would this be a reason for you to decline an[] interview if offered one?"

26. Ms. Hellwege sent a response to Mr. Lindsey on May 5, 2014, providing in pertinent part: "Yes, I am a member of AAPLOG. Due to religious guidelines, I am able to counsel women regarding all forms of contraception, however, cannot Rx it unless pathology exists- however [I] have no issue with barrier methods & sterilization."

27. On May 13, 2014, Mr. Lindsey responded by email with the following message to Ms. Hellwege: "Good Morning. Due to the fact that we are a Title X organization and you are an [sic] member of AAPLOG, we would be unable to move forward in the interviewing process. An [sic] unfortunately, we do not have any positions for antepartum & laborist only."

28. On the same day, Ms. Hellwege responded to Mr. Lindsey with an email clarifying that she was not only seeking an antepartum and laborist position only, but that she would accept a position including postpartum and well woman/preventive care as well as antepartum and laborist care, consistent with her religious beliefs. She then asked if, with that clarification, she would be eligible to move forward in the application process.

29. Mr. Lindsey never responded.

30. Mr. Lindsey and TFHC refused to allow Ms. Hellwege to continue in the application process for any of their certified nurse midwife positions.

31. Their refusal was due to Ms. Hellwege's membership in AAPLOG and her associated religious and moral beliefs against participating in certain prescriptions of some hormonal contraceptives.

32. TFHC's refusal to consider Ms. Hellwege's application for employment on the basis of her religious beliefs and association with the pro-life group AAPLOG violates multiple federal laws.

33. 42 U.S.C. § 300a-7(d) declares:

(d) Individual rights respecting certain requirements contrary to religious beliefs or moral convictions. No individual shall be required to perform or assist in the performance of any part of a health service program or research activity funded in whole or in part under a program administered by the Secretary of Health and Human Services if his performance or assistance in the performance of such part of such program or activity would be contrary to his religious beliefs or moral convictions.

34. The certified midwife positions at TFHC to which Ms. Hellwege applied, and the portions of those positions that are "part of a health service program or research activity funded in whole or in part under a program administered by the Secretary of Health and Human Services" under § 300a-7(d).

35. Prescribing hormonal contraception in circumstances in which Ms. Hellwege stated she would object religiously and morally is an action that constitutes an action to "perform or assist in the performance of any part of a health service program or research activity" under § 300a-7(d).

36. Ms. Hellwege stated that her "performance or assistance in the performance of such part of such program or activity would be contrary to [her] religious beliefs or moral convictions" as described in § 300a-7(d).

37. Mr. Lindsey's last email suggested that Ms. Hellwege's application was being rejected based on her religious and moral objection, and also possibly because Mr. Lindsey believed she only sought a position "for antepartum & laborist only." But after Ms. Hellwege immediately clarified that she did not seek a position "for antepartum & laborist only," Defendants' reason for continuing to reject Ms. Hellwege's application was solely her religious and moral objection and her membership in an organization of people possessing such an objection.

6

38. TFHC rejected Ms. Hellwege's application to its certified nurse midwife positions on the explicit and sole basis that she expressed a religious or moral objection specified in § 300a-7(d) in a program to which that section applies.

39. TFHC's rejection of Ms. Hellwege's application violates 42 U.S.C. § 300a-7(d).

40. TFHC's rejection of Ms. Hellwege's application also violates 42 U.S.C. § 300a-7(c), which prohibits employment discrimination based on a religious or moral objection to performing or assisting in the performance of abortion or sterilization by certain federally funded entities, and also prohibits employment discrimination based on a religious or moral objection to performing or assisting in the performance of any lawful health service or research activity by certain federally funded entities.

41. TFHC receives the requisite funding specified in both 42 U.S.C. § 300a-7(c)(1) & (c)(2).

42. Congress explicitly declared that the protections of 42 U.S.C. § 300a-7(d) are "Individual Rights." *See id.* ("Individual rights respecting certain requirements contrary to religious beliefs or moral convictions.").

43. Congress also explicitly declared that the protections of 42 U.S.C. § 300a-7(c) are "Individual Rights." Public Law 93-348, § 214 (1974).

44. By accepting the funds referred to above and other federal funding, TFHC has voluntarily subjected itself to 42 U.S.C. § 300a-7(c) & (d).

45. Defendants' actions against Ms. Hellwege blatantly violated her individual rights under 42 U.S.C. § 300a-7 to be free from the employment requirement that she participate in a health service activity which is contrary to her religious beliefs and moral convictions.

46. Defendants' actions as alleged herein violate Fla. Stat. § 381.0051(5), which declares that Florida law governing family planning shall not "prevent . . . [a] person from refusing to furnish any contraceptives or family planning service, supplies, or information for medical or religious reasons; and the . . . person shall not be held liable for such refusal."

47. Defendants' actions further violate Fla. Stat. § 390.0111(8), which declares that Florida law shall not require "any person to participate in the termination of a pregnancy, nor shall . . . any person be liable for such refusal. No person who is a member of, or associated with, the staff of a hospital, nor any employee of a hospital or physician in which or by whom the termination of a pregnancy has been authorized or performed, who shall state an objection to such procedure on moral or religious grounds shall be required to participate in the procedure which will result in the termination of pregnancy. The refusal of any such person or employee to participate shall not form the basis for any disciplinary or other recriminatory action against such person."

48. TFHC is liable for the actions of Defendant Chad L. Lindsey as described herein.

49. TFHC is liable for the actions of Defendant Chad L. Lindsey under the doctrine of respondeat superior, because those superiors were acting in the scope of their authority from TFHC in supervision and retention of Mr. Lindsey.

50. TFHC has a policy of imposing employment conditions against persons such as Plaintiff based on religious or moral convictions or membership in organizations sharing those convictions, as described herein.

51. TFHC is deemed a federal entity, such as for Federal Tort Claims Act purposes.

52. 42 U.S.C. § 300a-7 is an "Act of Congress providing for the protection of civil rights," under 28 U.S.C. § 1343, belonging to Ms. Hellwege, which Defendants violated as described herein.

53. Ms. Hellwege has both individual rights and a remedy to bring this civil action under 42 U.S.C. § 300a-7(d) and, independently, § 300a-7(c), and remedies under 28 U.S.C. § 1343 for the violation of her rights under 42 U.S.C. § 300a-7.

54. Defendants' actions as alleged herein have already and will continue to irreparably harm Ms. Hellwege unless remedied by this court.

55. Defendants' actions as alleged herein have caused Ms. Hellwege injury in excess of $75,000.

56. Defendants' actions as alleged herein have caused Ms. Hellwege lost wages, humiliation, and emotional distress and harm.

57. Defendants' actions require divesting TFHC of their thousands or millions of dollars of annual federal funding, in excess of $75,000, as a penalty for their violation of federal law, and until they have repaired their injury to Ms. Hellwege and corrected their illegal practices.

58. TFHC is legally obligated to allow Ms. Hellwege to apply for the certified nurse midwife positions to which she applied or that are presently open, but it is illegally refusing to do so and will continue to so refuse unless this Court issues injunctive relief.

59. Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 300a-7**

60. Paragraphs 1–59 are incorporated herein by reference.

9

61. Defendants receive the requisite funding and participate in programs subjecting them to the requirements of 42 U.S.C. § 300a-7(d).

62. Defendants violated 42 U.S.C. § 300a-7(d) when they refused to allow Plaintiff to be considered or continue in the application process for certified nurse midwife positions at TFHC, based on her religious or moral objections to participation in certain services, and/or based on her membership in AAPLOG in connection with those convictions.

63. By refusing to consider Ms. Hellwege for employment due to her religious and moral objection to participating in the prescription of hormonal contraceptives in certain circumstances, Defendants have violated Ms. Hellwege's rights under 42 U.S.C. § 300a-7(d).

64. Independently from their violation of § 300a-7(d), Defendants also violated Plaintiff's rights under § 300a-7(c)(1) & (c)(2), to which TFHC is subject, and which Defendants violated by discriminating against Plaintiff due to her religious and moral objection to performing or assisting in the performance in certain activities specified herein.

65. Ms. Hellwege has suffered and continues to suffer injury and irreparable harm by Defendants' actions, thereby giving rise to the need for injunctive and declaratory relief, an award of damages, and other forms of relief against Defendants.

**SECOND CLAIM FOR RELIEF**
**Violation of Fla. Stat. § 381.0051(5)**

66. Paragraphs 1–59 are incorporated herein by reference.

67. Fla. Stat. § 381.0051(5) declares that Florida law governing family planning shall not "prevent . . . [a] person from refusing to furnish any contraceptives or family planning service, supplies, or information for medical or religious reasons; and the . . . person shall not be held liable for such refusal."

68. Defendants' actions as described herein have violated Fla. Stat. § 381.0051(5) by preventing Plaintiff from refusing to furnish contraceptives or family planning services or supplies for medical or religious reasons, and by imposing liability on her in the form of refusing to consider her job application on that basis.

69. Ms. Hellwege has suffered and continues to suffer injury and irreparable harm by Defendants' actions, thereby giving rise to the need for injunctive and declaratory relief, an award of damages, and other forms of relief against Defendants.

### THIRD CLAIM FOR RELIEF
#### Violation of Fla. Stat. § 390.0111(8)

70. Paragraphs 1–59 are incorporated herein by reference.

71. Fla. Stat. § 390.0111(8) declares that Florida law shall not require "any person to participate in the termination of a pregnancy, nor shall . . . any person be liable for such refusal. No person who is a member of, or associated with, the staff of a hospital, nor any employee of a hospital or physician in which or by whom the termination of a pregnancy has been authorized or performed, who shall state an objection to such procedure on moral or religious grounds shall be required to participate in the procedure which will result in the termination of pregnancy. The refusal of any such person or employee to participate shall not form the basis for any disciplinary or other recriminatory action against such person."

72. Defendants' actions as described herein have required as a condition for applying for employment that Plaintiff participate in the termination of a pregnancy of a human embryo present in a woman after its fertilization by means of prescribing certain hormonal contraceptive items and contrary to Plaintiffs' written expression of religious objection, and it constitutes disciplinary and recriminatory action against Plaintiff for such refusal.

11

73. Ms. Hellwege has suffered and continues to suffer injury and irreparable harm by Defendants' actions, thereby giving rise to the need for injunctive and declaratory relief, an award of damages, and other forms of relief against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and provide Plaintiff with the following relief:

A. That this Court enter a judgment declaring Defendants violated 42 U.S.C. § 300a-7(d); 42 U.S.C. § 300a-7(c)(1) & (c)(2); Fla. Stat. Ann. § 381.0051(5); and Fla. Stat. Ann. § 390.0111(8).

B. An injunction ordering Defendants to:

   a. Permit Plaintiff to apply for the certified nurse midwife positions to which she applied and also those that still may be open, or equivalent positions if those have been filled, and not engage in any discrimination against her application on the basis of her religious or moral objections as stated herein or her membership in AAPLOG;

   b. Comply with the above-cited laws by refraining from requiring Plaintiff to prescribe hormonal contraceptives in certain circumstances in violation of her religious beliefs and moral convictions as a condition of her employment or application for employment;

   c. Disgorge federal funds received from the U.S. Department of Health and Human Services in 2014, and refuse to accept additional funds, in an appropriate amount and in excess of $75,000, penalizing them the injury they caused Plaintiff and others, until they have remedied that injury, and until they have brought their

>    policies into compliance with 42 U.S.C. § 300a-7;

C.  Damages to Plaintiff in the amount of $400,000;

D.  An award of reasonable attorneys' fees and costs incurred in this action;

E.  Any other and further relief as this court would deem necessary and proper.

Plaintiff requests a jury for all claims so triable.


    Respectfully submitted this 26th day of June, 2014,

        By Attorneys for Plaintiff:  *s/ David A. Cortman*
                                      DAVID A. CORTMAN
STEVEN H. ADEN*                       Georgia Bar No. 188810
D.C. Bar No. 46777                    Florida Bar No. 18433
MATTHEW S. BOWMAN*                    ALLIANCE DEFENDING FREEDOM
D.C. Bar No. 993261                   1000 Hurricane Shoals Rd NE
ALLIANCE DEFENDING FREEDOM            Suite D1100
801 G Street NW, Suite 509            Lawrenceville GA 30043
Washington, DC 20001                  (770) 339-0774
(202) 393-8690                        (770) 339-6744 (facsimile)
(202) 237-3622 (facsimile)            dcortman@alliancedefendingfreedom.org
saden@alliancedefendingfreedom.org
mbowman@alliancedefendingfreedom.org

ELISSA M. GRAVES*
Arizona Bar No. 030670
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax                    *Applications for Admission Pro Hac Vice*
egraves@alliancedefendingfreedom.org  *Forthcoming*